William G. ELLIS, Appellant,

v.

Ike TRAD, Appellee.

No. 4640.

Court of Civil Appeals of Texas, Eastland.

Sept. 21, 1973.

Rehearing Denied Oct. 12, 1973.

Strasburger, Price, Kelton, Martin & Unis (Roland C. Anderson), Dallas, for appellant.

Hultgren, Jewell & Kolb (Dennis E. Alvoid), Dallas, for appellee.

WALTER, Justice.

Ike Trad filed suit against William G. Ellis for a real estate broker's commission in Dallas County. Ellis filed a plea of privilege which is verified and the jurat shows in part the following:

"that the facts therein set out are true and correct to the best of his knowledge".

Trad filed a controverting plea alleging that his cause of action was based on a written contract executed by Ellis and that venue was in Dallas County, by virtue of Subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ.St. The court overruled the plea of privilege and Ellis has appealed. The judgment provides in part the following:

"AND BE IT FURTHER REMEMBERED that the Court proceeded to hear the said Plea of Privilege, without receiving any evidence thereon; and the Court accepted into the record Plaintiff's tender of Exhibit 'A' to his original Petition, said Exhibit being the contract upon which Plaintiff's cause of action is based, over objection of Defendant Ellis on the grounds that no predicate was

laid for the introduction of the contract, and further that said contract was not properly proved into evidence;

And the Court, having considered the pleadings on file, including Exhibit A to Plaintiff's Original Petition, and having heard argument of counsel, and nothing more, is of the opinion that said Plea of Privilege should be overruled;"

■ Ellis contends his plea of privilege should have been sustained because Trad did not discharge his burden of introducing evidence and proving by a preponderance of the evidence the necessary venue facts to sustain venue in Dallas County. Ellis did not deny under oath the execution of the written contract of sale as required in Subdivision "h" of Rule 93, Texas Rules of Civil Procedure. Unless the execution of the instrument is denied under oath, the instrument shall be received in evidence as fully proved. Rule 86, T.R.C.P. provides in part as follows:

"When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue; provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea."

Our Supreme Court in Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W. 2d 758, at page 763 (1956) said:

"There are some situations in which the plaintiff is not required to prove all of his essential venue facts by independent evidence. Under our statutes and rules certain facts will be taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath unless specifically alleged in

such plea. See Rules 86 and 93, Texas Rules of Civil Procedure. When a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same."

■ The court accepted into the record the contract upon which Trad's cause of action was based. It was not necessary for Trad to introduce any testimony in the absence of a verified denial by Ellis. This conclusion is also supported by Hinn v. Continental National Bank of Fort Worth, 495 S.W.2d 286 (Tex.Civ.App.—Fort Worth 1973, no writ hist.)

It will be noted that Ellis' plea of privilege was sworn to by the affiant "to the best of his knowledge". This type of affidavit has been condemned in Durrett v. Boger, 234 S.W.2d 898 (Tex.Civ.App.—Texarkana 1950, no writ). In Volume 2, Tex.Jur.2d, page 416, paragraph 23, we find the following:

"The allegation of facts in the ordinary affidavit must be on the knowledge of the affiant. He must swear to the truth of his statements, and not according to his knowledge and belief."

■ Ellis also contends the court erred in overruling his plea of privilege because the contract does not provide for payment in Dallas County. The written contract provided in part as follows:

"Said commission shall be paid by Seller to the Principal Agent in Dallas, Texas, at the Closing (or in the event of default by Seller or Purchaser, then said commission shall be paid within ten days after the scheduled Closing date)."

The unambiguous language of the contract obligated Ellis to pay a commission in Dallas, Texas. Courts may take judicial knowledge of the fact that Dallas is the county seat of Dallas County. We hold

**668**

that venue in Dallas County was proper under said subdivision 5.

We have considered all of appellant's points. We find no merit in them. They are overruled.

The judgment is affirmed.