In re C. S. T. CONSTRUCTION CO., INC., Debtor.

**Bankruptcy No. 81 B 4074.**

United States Bankruptcy Court, N. D. Illinois, E. D.

July 15, 1982.

See also Bkrtcy., 21 B.R. 840.

Mitchell Jones of Teller, Levit & Silvertrust, Chicago, Ill., for debtor.

Haskell & Perrin, Chicago, Ill., for Mees Engineering.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Motion of MEES ENGINEERING requesting that the Court extend the time for MEES ENGINEERING to file its Proof of Claim herein, and the parties appearing by the respective attorneys, and

The Court having examined the Motion, and having received and examined the Memoranda of Law submitted by the parties in support of their respective positions and having received and examined the evidence adduced, and having heard the testimony of a witness, and arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On or about April 17, 1981, C. S. T. CONSTRUCTION CO., INC. filed a bankruptcy petition under chapter 11 of the Bankruptcy Code.

2. The Debtor has been named as a defendant in several lawsuits arising from the collapse of the roof of the Rosemont Horizon Stadium. MEES ENGINEERING likewise has been named as defendant in numerous suits arising out of the roof collapse.

3. Pursuant to section 362 of the Bankruptcy Code, the filing of the chapter 11 petition by C. S. T. CONSTRUCTION CO., INC. automatically stayed the above-described lawsuits which were pending against C. S. T. CONSTRUCTION CO., INC.

4. On February 2, 1982 MEES ENGINEERING filed a Complaint pursuant to section 362 of the Bankruptcy Code to modify the automatic stay to allow it to proceed to judgment against C. S. T. CONSTRUCTION CO., INC., and the stay was so modified provided that no execution or enforcement of judgments would be sought against the Debtor or the estate. From time to time, this Court has allowed various plaintiffs in the lawsuits involving the roof collapse of the Rosemont Horizon Stadium to proceed to judgment against the Debtor and alleged third-party joint tortfeasors provided that no execution or enforcement of judgments would be sought against the Debtor or the estate.

5. MEES ENGINEERING, in its Motion for an extension of time to file its Proof of Claim herein, cites Bankruptcy Rule 302(e)(3). Rule 302(e)(3) is not applicable to chapter 11 bankruptcy proceedings. Rule 3001 of the Rules of the Bankruptcy Court for the Northern District of Illinois sets out the requirements with respect to the filing of Proofs of Claim in chapter 11 reorganization cases. It provides in pertinent part as follows:

Part III. Claims and Distribution to Creditors; Plan of Reorganization

Rule 3001. Proof of Claim or Interest in Chapter 11 Reorganization Cases

(a) List of Creditors and Equity Security Holders. The list of creditors and equity security holders prepared and filed with the court pursuant to Rule 1007(b) shall constitute prima facie evidence of the validity and amount of claims of creditors which are not listed as disputed, contingent, or unliquidated as to amount, and of interests. Except as provided in subdivision (b)(3) of this rule with respect to claims, it shall not be necessary for the holder of such claim or interest to file a proof of claim or interest.

(b) Filing Proof of Claim.

(1) Who May File. Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (b)(3) of this rule.

(2) Who Must File.

(A) Any creditor, including the United States, a state, or any subdivision thereof, whose claim is listed as disputed, contingent, or unliquidated as to amount, shall file a proof of claim within the time prescribed by subdivision (b)(3) of this rule; any such creditor who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.

(B) Notwithstanding the foregoing, the court may, at any time, require the filing of a proof of claim within such time as it may fix. Any person required under this paragraph to file a proof of claim who fails to do so shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.

(3) Time for Filing. A proof of claim may be filed at any time prior to the approval of the disclosure statement unless a different time is fixed by the court on notice as provided in Rule 2002.

6. In the subject bankruptcy, the Debtor has listed MEES ENGINEERING as a creditor in the amount of $1,580.00. Accordingly, in order for MEES ENGINEERING to be treated as a creditor to the extent of $1,580.00 for purposes of voting and distribution, it need not file a Proof of Claim. If MEES ENGINEERING asserts a claim in excess of $1,580.00 it must file a Proof of Claim in order to be treated as a creditor for that excess amount for purposes of voting and distribution. This

Court has not fixed a time for filing Proofs of Claim. Accordingly, pursuant to Rule 3001(b)(3), timely Proofs of Claim should have been filed anytime prior to the approval of the disclosure statement. The disclosure statement was approved on March 8, 1982. MEES ENGINEERING has not filed a Proof of Claim prior to March 8, 1982. By Motion filed May 12, 1982, it requests leave to file a Proof of Claim even though the date for filing has expired.

7. The Court has discretion to extend the time for filing a Proof of Claim. "[T]he court may, at any time, require the filing of a proof of claim within such time as it may fix." Rule 3001(b)(2)(B). *In re Oakton Beach & Tennis Club Real Estate Ltd. Partnership*, 9 B.R. 201, 204 (Bkrtcy.E.D.Wis. 1981). Further, Bankruptcy Rule 906 authorizes the court to enlarge the time for filing "upon application made after the expiration of the specified period ... where the failure to act was the result of excusable neglect." Bankruptcy Rule 906(b). Bankruptcy Rule 906(b) provides as follows:

### Rule 906.
### TIME

.   .   .   .   .

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them.

The Court Concludes and Further Finds:

1. The facts of this case do not justify an extension of time so as to allow the filing of a Proof of Claim by MEES ENGINEERING. In the case *sub judice*, MEES ENGINEERING had knowledge of the bankruptcy proceeding, and it had such knowledge in time to timely file a Proof of Claim. On June 7, 1982 Mr. Erich Mees testified in Court that he had knowledge of the bankruptcy proceeding approximately one year ago. Further, the notice required by Rule 2002(b)(5) of the Rules of the Bankruptcy Court for the Northern District of Illinois was sent to MEES ENGINEERING.

Rule 2002 provides in pertinent part as follows:

(a) Applicability of Rule. This rule applies only in a case filed under chapter 11 of the Bankruptcy Code.

(b) ... [T]he clerk of the Bankruptcy Court shall give all creditors, equity security holders, and indenture trustees at least 20 days' notice by mail of ... (5) the time fixed for filing objections to the approval of the disclosure statement and the hearing to consider approval of the disclosure statement.

(c) Other Notices.... [T]he clerk of the Bankruptcy Court shall give notice by mail to the debtor, all creditors, equity security holders and indenture trustees of

. . .

(2) ... the time allowed for filing claims pursuant to Rule 3001.

The certificate of mailing for the notice of the Order for Hearing on Approval of Disclosure Statement certifies that the Clerk of the Bankruptcy Court sent a copy of the Notice to:

Mees Engineering

4365 Lawn Ave.

Western Springs, IL 60558

The Debtor's Schedules and List of Creditors listed the above as the address for MEES ENGINEERING.

Mr. Erich Mees, President of MEES ENGINEERING, testified that he never received notice of the Court's Order that the hearing on approval of the disclosure state-

ment was set for March 8, 1982. Mr. Erich Mees also testified that MEES ENGINEERING had a post office box during the time period that notices of the disclosure hearing were sent. He stated that the Post Office would not deliver mail to the post office box when only a street address, and not the post office box, was on the envelope.

Paragraph (d) of Rule 2002 states that "[a]ll notices to which a creditor, equity security holder, or indenture trustee is entitled under these rules shall be addressed to him as he or his authorized agent may direct in a request filed with the court; otherwise, to his address shown in the list or, if a different address is stated in a proof of claim duly filed, then at the address so stated." If MEES ENGINEERING desired that notices be sent to its Post Office address, it was incumbent upon it to file such a request with the Court. If that had been done, the notice of the Order for Hearing on Approval of the Disclosure Statement would have been sent there. Since no such request was made, it was proper for notice to be sent to MEES ENGINEERING as it appeared on the Debtor's List of Creditors.

MEES ENGINEERING cites the cases of *Intaco Puerto Rico, Inc.*, 494 F.2d 94 (1st Cir. 1974), and *In re Harbor Tank Storage Co.*, 385 F.2d 111 (3rd Cir. 1967) in support of its contention that MEES ENGINEERING should be allowed to file its Proof of Claim. Those cases are distinguishable from the instant case. In the *Harbor Tank* case, the court stated that under the circumstances, the creditor had an "absolute right to file and prove its claim in the proceeding." In that case and the *Intaco* case, the creditors were not listed by the Debtor as creditors and required notices were not sent. In the subject case, MEES ENGINEERING was listed as a creditor and the statutory requirements for notice set out in Rule 2002 were complied with. In view of the foregoing and the fact that MEES ENGINEERING had actual knowledge of the bankruptcy proceeding, MEES ENGINEERING is not entitled to an extension of time to file its claim. MEES ENGINEERING's failure to file a Proof of Claim was not due to excusable neglect.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of MEES ENGINEERING requesting that the Court extend the time for MEES ENGINEERING to file its Proof of Claim herein be, and the same is hereby denied.