**In re WM. B. WILSON MFG. CO., Debtor.**

**Bankruptcy No. 5–83–00944.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Jan. 29, 1986.

Richard Halter, San Antonio, Tex., for Wilson Mfg.

Ronald B. King, San Antonio, Tex., for Chase Inv. Co.

## MEMORANDUM OPINION

R. GLEN AYERS, Bankruptcy Judge.

In this Chapter 11 case, Debtor filed an Objection to Claim on the grounds that the Proof of Claim was not timely filed within the bar date set by Order of the Court. The creditor alleged the claim should be upheld on the basis of non-receipt of notice of the bar date. The matter was heard and an Order entered overruling the Objection to Claim on the basis of lack of notice and upholding the Proof of Claim as an amendment to an informal Proof of Claim by virtue of pleadings filed by the creditor within the specified bar date.

## FACTS

On May 26, 1983, Wm. B. Wilson Mfg. Co. ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, San Antonio Division, for the Western District of Texas. Five days after the bankruptcy petition, Debtor filed a matrix listing the names and addresses of all creditors and other parties-in-interest in the case. Chase Investment Company ("Chase") was listed with correct mailing address on the matrix.

In early June, 1983, Chase filed a Complaint for Relief from Stay against Debtor seeking to compel Debtor to assume or reject certain equipment lease agreements between the parties or, in the alternative, for relief under 11 U.S.C. § 362 to allow repossession of the leased equipment. Pursuant to the terms of an Agreed Order on Complaint for Relief from Stay signed by Judge Joseph C. Elliott on July 5, 1983. Debtor was permitted to reject two leases, Lease No. 298 for rental of computer equipment and Lease No. 740 for car rental. Upon rejection, the computer equipment and car were surrendered by Debtor to Chase.

On June 8, 1983, during the pendency of the above complaint, Judge Elliott signed an Order for Meeting of Creditors, Combined with Notice Thereof and Of Automatic. The stay additionally provided for August 24, 1983 as the last day for filing Proofs of Claim. A copy of the June 8th order was allegedly served on all creditors and parties-in-interest by Debtor's attorney as reflected on the Affidavit of Service dated June 28, 1983. ("To my knowledge, all interested parties in this cause have been served with a copy of the Order for Meeting of Creditors").

On February 19, 1985, nearly one and one-half years after the August 24, 1983 bar date, Chase filed a Proof of Claim seeking to establish an unsecured claim totaling $27,150.52 as deficiencies under the two previously rejected equipment lease agreements. Debtor filed an Objection to the Allowance of Claim asserting that its objection to Chase's claim should be sustained on the grounds that the claim was untimely. Chase alleged that because

it had received no notice of the bar date, its late claim should be upheld. A hearing on the Objection to Claim was held before Judge R. Glen Ayers on December 4, 1985.

## ISSUE

The Debtor views the principal issue before the Court as whether Chase timely filed a Proof of Claim in the case. Chase, on the other hand, fixes the issue as whether or not the time for filing a Proof of Claim should be extended based upon the factual circumstances of the case. The Court addresses yet a third issue of consideration—whether Chase's Complaint for Relief from Stay was sufficient to constitute a timely, although informal, Proof of Claim which was subsequently amended by the late-filed formal Proof of Claim.

## DISCUSSION

The Debtor asserts that its objection to the allowance of Chase's claim as untimely should be sustained solely on the grounds that Chase did not properly request not receive leave of the court to file its proof of claim after the bar date in this case as required by Rule 3003(c)(3) and 9006(b)(1) of the Rules of Bankruptcy Procedure. Alternatively, Debtor maintains that Chase has not established that its failure to timely file its proof of claim was the result of "excusable neglect" within the ambit of Rule 9006(b)(1).

Under Rule 3003(c)(3) of the Rules of Bankruptcy Procedure, the court fixes the time within which proofs of claim may be filed in a Chapter 11 reorganization case. Additionally, the Rule provides that, "for cause shown," the court may extend the time within which proofs of claim may be filed.

Rule 9006(b)(1) of the Rules of Bankruptcy Procedure regarding enlargment of time provides, in pertinent part, that

... when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Therefore, Rule 3003(c)(3) authorizing an extension of time for filing a proof of claim, read in conjunction with Rule 9006(b)(1) regarding enlargement of time, would require the filing of a motion for leave of court to file a proof of claim after the expiration of the bar date set by the court supported by proof that the failure to file the proof of claim before the deadline set by the court was the result of excusable neglect. *See In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985); *In re O.P.M. Leasing Services, Inc.*, 35 B.R. 854, 864 (Bankr.S.D.N.Y. 1983); *In re Hardy*, 33 B.R. 77, 79 (Bankr. D.Nev.1983).

Debtor accurately notes in its Brief in Support of Objection of Debtor-in-Possession to Claim filed by Chase Leasing Company, Ltd. that Chase has yet to file the necessary motion with this Court requesting leave to file a proof of claim after the bar date. However, Debtor overlooks the permissive language of Rule 9006(b)(1) allowing the court, *at any time in its discretion*, to authorize the filing of a motion that would permit a late-filed proof of claim upon a showing of excusable neglect.

Seemingly, the Court in its discretion could, to date or even in the future, authorize a Motion to Extend the Time to File a Proof of Claim so long as the motion established that Movant was entitled to an extension "for cause shown" and that the cause shown in support of the failure to timely file its proof of claim was the result of excusable neglect. "Excusable neglect", then, becomes the first pivotal factor in the issue at hand.

"Excusable neglect," under Rule 9006(b)(1) requires the creditor to show that "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985); *see also In re*

*Gem Rail Corp.,* 12 B.R. 929, 931 (Bankr. E.D.Pa.1981) (quoting *In re Manning,* 4 B.C.D. 304, 305 (Bankr.D.Conn.1978).

Courts have found excusable neglect where the creditor fails to comply with the bar date because, through no fault of its own, it had no notice of that date. *See In re South Atlantic,* 767 F.2d at 818; *see also In re Yoder Co.,* 758 F.2d 1114, 1121 (6th Cir.1985) (nonreceipt of notice of bar date sufficient grounds for excusable neglect).

■ The Court follows the above holdings and finds that failure to receive "notice of a bar date" would constitute excusable neglect.

"Notice" now becomes the second pivotal factor for consideration by the Court.

■ Chase approaches notice in strict terms of due process. The focal point, according to Chase, is that notice must be "reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). Notice in a bankruptcy proceeding is adequate if it is reasonably calculated to achieve *actual notice. See Park Nursing Center, Inc. v. Samuels,* 766 F.2d 261, 263 (6th Cir.1985). Furthermore, Chase maintains that a creditor's knowledge of Chapter 11 proceedings does not substitute for *actual notice* of a bar date. *See In re Yoder Co.,* 758 F.2d 1114, 1116 (6th Cir.1985). Therefore, without notice, a creditor's due process rights have been violated, and violation of a creditor's constitutional rights is adequate cause for extension of a bar date. *See In re Standard Metals Corp.,* 48 B.R. 778, 786–787 (Bankr.D.Colo.1985); *cf. Reliable Elec. Co., Inc. v. Olson Const. Co.,* 726 F.2d 620, 622 (10th Cir.1984).

Debtor takes a more temperate approach to notice in terms of what type of lack of notice would constitute lack of due process vis-a-vis excusable neglect. According to Debtor, excusable neglect should be upheld in circumstances where a creditor received no notice of the bar date because the creditor was not listed by the debtor on either its schedules or its mailing matrix. *See., e.g., In re Moskowitz,* 35 B.R. 750, 754 (Bankr.S.D.N.Y.1983) (notice of bar date not received by unscheduled creditor); *In re Pine Associates, Inc.,* 35 B.R. 49, 51 (Bankr.D.Conn.1983) (notice of bar date not received by unscheduled creditor); *In re Hardy,* 33 B.R. 77, 80 (Bankr.D.Nev.1983) (creditor not listed on mailing matrix); *In re C.S.T. Const. Co.,* 21 B.R. 840, 845 (Bankr.N.D.Ill.1982) (unlisted creditor received no notice of bar date). In such cases, the courts found failure to be listed on schedules or matrix to be grounds for "for cause shown" under Rule 3003(c)(3) of the Rules of Bankruptcy Procedure for purposes of allowing an extension of the bar date.

In the present case, the receipt of actual notice of the bar date for filing proof of claim is disputed by the parties. Debtor maintains that even though a listed creditor claims non-receipt of the notice fixing the last date to file a proof of claim, when mail is properly addressed, stamped and deposited with the United States Postal Service, a presumption arises that it was received by the party to whom it was sent. *See Legille v. Dann,* 544 F.2d 1, 4–5 (D.C.Cir.1976); *see also In re Ryan,* 54 B.R. 105, 106–107 (Bankr.E.D.Pa.1985).

Hence, in the present case, Debtor asserts that the Affidavit of Service attached to copies of the Order setting the bar date for filing proofs of claim establishes a presumption of receipt by all creditors and parties-in-interest as listed on the Debtor's matrix. Furthermore, according to Debtor's Brief, actual knowledge of the bankruptcy proceedings in conjunction with the presumption of receipt established by a certificate of mailing is sufficient to defeat an assertion of "excusable neglect" based upon non-receipt of notice. *See In re C.S.T. Const. Co.,* 21 B.R. 837, 840 (Bankr. N.D.Ill.1982); *see also In re Standard Metals Corp.,* 48 B.R. 778, 840 (Bankr.D. Colo.1985) (actual knowledge of and partic-

ipation in bankruptcy proceedings coupled with certificate of mailing presumption of notice refutes excusable neglect basis for extension of time to file proof of claim).

In opposition to the above, Chase relies heavily on a recent Sixth Circuit case, *In re Yoder Co.*, 758 F.2d 1114 (6th Cir.1985). The Court in *Yoder* rejected the argument that a creditor's knowledge of a Chapter 11 proceeding substituted for notice of a bar date and that non-receipt of such notice was sufficient grounds for excusable neglect. *See id.* at 1116, 1121.

This Court is particularly persuaded by the discussion in *Yoder* concerning a presumption of notice when there is disputed evidence concerning mailing and receipt of notices in a bankruptcy case. The *Yoder* Court recognized the legal presumption that an item properly mailed is presumptively received by the addressee. *See id.* at 1118. The Sixth Circuit Court's interpretation of Federal Rule of Evidence 301 (Presumptions in Civil Actions and Proceedings)[1] follows the "bursting bubble" theory concerning the effect of presumption once rebuttal evidence is admitted. Under that theory, a presumption disappears ("bursts") once rebutted, and the question underlying the presumption must then be decided upon the evidence presented. *See id.* at 1119.

In the present case, a presumption of receipt could be created by the Affidavit of Service reflecting that the Order for Meeting of Creditors, Combined with Notice Thereof and Automatic Stay was mailed by United States mail, postage pre-paid, to all interested parties in the case. Chase maintains that no presumption can be created

because the Affidavit of Service by Debtor's counsel does not show personal knowledge of the affiant, but merely states that the mailing to all "interested parties was accomplished to my knowledge." Therefore, being based upon information and belief, the affidavit has no probative value and is the same as no evidence. *See Automatic Radio Mfg. Co. v. Hazeltine Research Inc.*, 339 U.S. 827, 831, 70 S.Ct. 894, 896, 94 L.Ed. 1312, 1317 (1950); *see also Wyler v. United States*, 725 F.2d 156, 160 (2nd Cir.1983) (affidavit by opposing attorney unsupported by specific facts or personal knowledge not entitled to any weight); *Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1174 (D.C.Cir. 1981) (affidavit based merely on information and belief is unacceptable).[2]

 This Court is persuaded by the *Yoder* rationale and finds that the affidavit of Debtor's counsel is insufficient as a matter of law to invoke the presumption of receipt because the affiant did not present sworn testimony at the hearing before this Court as to personal knowledge that the notice was mailed to Chase, properly addressed, and with proper postage. For purposes of argument only, even if the presumption of mailing and receipt did apply in the instant case, the Court would hold that the presumption had been rebutted by Chase's uncontradicted testimony of nonreceipt presented at the hearing before the Court. *See In re Yoder*, 758 F.2d at 1118 (testimony of non-receipt alone sufficient to support finding on non-receipt and is sufficient to rebut presumption of receipt); *cf. Baldwin v. Fidelity Phoenix Fire Ins. Co. of New York*, 260 F.2d 951,

---

1. Federal Rule of Evidence 301 provides in part: [A] presumption imposes of the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

2. The deficiency in the affidavit in the case of *Ellis v. Trad*, 499 S.W.2d 666 (Tex.Civ.App.— Eastland 1973, no writ) is nearly identical to the affidavit in the present case. In *Ellis*, as in the affidavit involved herein prepared by opposing

counsel, the facts were sworn to by the affiant "to the best of his knowledge." The *Ellis* Court rejected the affidavit, reasoning: "The allegation of facts in the ordinary affidavit must be on the knowledge of the affiant. He must swear to the truth of his statements, and not according to his knowledge and belief." *Id.* at 667; *cf. Ex parte Rodriguez*, 568 S.W.2d 894, 897 (Tex.Civ.App.— Ft. Worth 1978, no writ) (affidavits based upon "information and belief" are insufficient [quoting *Durrett v. Boger*, 234 S.W.2d 898 (Tex.Civ. App.—Texarkana 1950, no writ) ] ).

953 (6th Cir.1958) (receipt, not sending, constitutes notice).

Based on the issues presented by the parties at the hearing before the Court, supported by briefs submitted by counsel, the Court finds that a presumption of notice did not arise in the present case. Further, in determining the question of fact concerning notice, Debtor has presented insufficient evidence to establish actual receipt of notice of the bar date by Chase. Chase has presented sworn, uncontradicted testimony of non-receipt. Therefore, the Court finds non-receipt of the notice of the bar date for filing Proof of Claims sufficient grounds for excusable neglect under the criteria of Rule 9006(b)(1) of the Rules of Bankruptcy Procedure.

■ Having considered the issues presented by the parties, the Court now turns to a third issue not addressed by counsel—whether Chase's Complaint for Relief from Stay filed shortly after the Debtor's Petition for Relief constitutes a timely, although informal, Proof of Claim which was subsequently amended by the formal Proof of Claim filed by Chase in February, 1985.

A Proof of Claim is defined in Rule 301(a) of the Rules of Bankruptcy Procedure[3] as follows:

A proof of claim shall consist of a statement in writing setting forth a creditor's claim and, ... shall be executed by the creditor or by his authorized agent. A proof of claim ... shall conform substantially to Official Form No. 15.

Although Chase failed to file a formal Proof of Claim satisfying the formal requirements of Official Form No. 15 before the bar date set by the Court, it did participate in the case by filing pleadings in the nature of a Complaint in which it stated its claim. Subsequently, after the bar date, a formal Proof of Claim, fully complying with Rule 3001(a) of the Bankruptcy Rules

of Procedure (effective August 1, 1983) was filed by Chase.

Chase's filing of its Complaint for Relief from Stay prior to the bar date could constitute a timely filed informal Proof of Claim. The pleadings and attached exhibits substantially conform to the requirements of Official Form No. 15. Those pleadings set forth the existence, nature and an amount of Chase's claim, alleging the facts surrounding the incurrence of the debt, its terms, its status, and Debtor's default as would be required in a formal Proof of Claim.

There can be no doubt of Chase's intent to hold the estate liable through the original complaint and the subsequent formal Proof of Claim. The intent to hold the estate liable is the very foundation for filing a Proof of Claim. Therefore, the Court finds that the pleadings filed by Chase are sufficient to constitute an informal Proof of Claim.

"It is well settled that if there is upon the record in the bankruptcy proceedings [timely filed] anything sufficient to show the existence, nature and amount of a claim, it may be amended even after expiration of the [time period for filing claims]." *Sun Basin Lumber Co. v. United States,* 432 F.2d 48, 49 (9th Cir.1970). Having established the existence, nature and an amount of its claim informally through the Complaint, Chase's formal Proof of Claim could be treated as an amendment.

An amendment to a claim should be freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. *See First National Bank of Mobile v. Everhart (In re Commonwealth Corporation),* 617 F.2d 415, 420 (5th Cir.1980); *see also In re W.R. Page, Inc.,* No. 7–82–00052E, slip op. at 3 (Bankr.W.D.Tex. Jan.

---

**3.** Because the Complaint for Relief from Stay was filed June 7, 1983, the Bankruptcy Rules of Procedure under the Bankruptcy Reform Act of 1978 would apply to the informal Proof of Claim. The current Bankruptcy Rules as

amended did not take effect until August 1, 1983, and the Interim Rules following the Bankruptcy Reform Act of 1978 were never adopted by the Bankruptcy Court for the Western District of Texas.

8, 1986). Hence, following the Fifth Circuit rationale in *In re Commonwealth Corporation*, Chase's formal Proof of Claim could be treated as a late filed amendment "if enough has been presented in the original claim to show that a demand is being made against the bankrupt's estate and that it is the creditor's intent to hold the estate liable." *Id.* at 420.

In the instant case, Chase clearly indicated an intent to hold the estate liable. Further, the formal Proof of Claim described the claim with greater particularity by setting forth the exact amount of deficiencies created by the rejection of the Lease agreements under the original complaint.[4]

The United States Court of Appeals for the Fifth Circuit has taken a liberal posture regarding recognition of informal Proofs of Claims and amendments thereto. The Court held that knowledge of the creditor's claim within the period for filing Proofs of Claim as set by the Court was sufficient basis for a later amendment. *See Walsh v. Lockhart*, 339 F.2d 417 (5th Cir.1964) (trustee's institution of suit to cancel creditor's note sufficient basis for later amendment); *accord Fausett v. Murner*, 402 F.2d 961, 963 (5th Cir.1968) (if court informed by its own files of existence, nature, and amount of claim, there is no bar to prevent court from permitting proof of claim to be amended to meet requirements as to form).

Therefore, the Court finds that Chase filed a timely, informal Proof of Claim which may be amended after the bar date set for filing claims. Further, Chase's formal Proof of Claim should be allowed as a late-filed amendment. Chase has substantially conformed to Official Form No. 15 as required by Rule 3001(a) of the Bankruptcy Rules of Procedure.

In conclusion, the Court concludes that Debtor's Objection to the Allowance of Claim filed by Chase should be overruled.

The Court further concludes that Chase's late-filed Proof of Claim should be upheld.

It is so ordered.

---

**4.** Under Bankruptcy Rule of Procedure 3002(c)(4), "(a) claim arising from the rejection of an executory contract of the debtor may be filed within the time as the court may direct." Chase's formal Proof of Claim for deficiencies arising from the rejection of two leases is not objectionable for failure to timely file because the Court has not, to date, fixed an appropriate date.