

James R. Johnson, Brewer Worten Robinett Johnson Worten & King, Bartlesville, Okl., for appellants.

Ernest E. Specks, Joyce W. Lindauer and Judith K. Zehner, Johnson Bromberg & Leeds, Dallas, Tex., for appellee.

**John MACKIE and Jerry King, Appellants,**

v.

**PRODUCTION OIL CO., Appellee.**

**Civ. A. No. 3–88–1799–H.**

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 21, 1988.

### MEMORANDUM OPINION AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Appellants' Brief on Appeal, filed September 23, 1988 and Appellee's Brief, filed October 5, 1988. This case is an appeal of a Bankruptcy Court Order dated June 17, 1988 which denied Appellants' Motion for Leave to File Proofs of Claim Out of Time, filed April 27, 1988. Tr. at 212.

The standard of review to be applied by this Court in a bankruptcy appeal is set forth in 11 U.S.C. Rule 8013. That rule provides that a bankruptcy court's findings of fact may not be set aside unless clearly erroneous. Thus, although this Court may readily overrule a bankruptcy court's interpretation of law, it must defer

with respect to findings of fact that are not clearly erroneous. *Matter of Leonard,* 849 F.2d 974, 976 (5th Cir.1988); *In re First South Savings Association,* 820 F.2d 700, 711 (5th Cir.1987).

An involuntary bankruptcy petition was filed against Production Oil Company ("POC") on December 24, 1980. In April of the following year, Appellants' attorney, James Johnson, was appointed to the Committee of Unsecured Creditors of POC. Tr. at 7. On October 24, 1985, the Bankruptcy Court issued its Order requiring the filing of proofs of claim no later than December 2, 1985. Tr. at 92.

The Certificate of Service for the Bar Date Order indicates that the Bar Date Order was mailed by First Class U.S. Mail to King's Oilfield Services, Route 1, Box 92 Wann, Oklahoma 74083 (Jerry King's business entity) and to John Mackie d/b/a Mackie Oilfield Service, Route 1, Wann Oklahoma 74083.[1] The Bar Date Order was also mailed to counsel for the Committee of Unsecured Creditors, on which committee Appellants' attorney served. Tr. at 93.

Neither Appellants nor their attorney filed a notice of appearance, nor did Appellants file any changes of address in the POC bankruptcy case. The copies of the Bar Date Order mailed to Appellants were not returned as "undeliverable" or otherwise to the attorneys for the Trustee or to the Trustee. Appellants did not file proof of claims before the bar date. Appellee Brief at 6 (citations provided).

1. Apparently, Mackie's address is Box 8, Wann, Oklahoma, and King's address is Rural Route 1, Box 122, Wann, Oklahoma. Appellee Brief at 6 (Tr. at 15, 22). Mr. King's address was Box 92, Wann, Oklahoma; however, this address was changed approximately 2 to 4 years ago. Appellee notes that Wann, Oklahoma is a town with a population of between 150–250 people. Appellee Brief at 7 (Tr. at 24–25, 21).

2. There is some debate concerning whether Appellants in fact received the Order. Appellee notes that:

Mr. King did not testify that he did not receive the Bar Date Order, but rather that he could not locate the Bar Date Order among his records. (Tr. p. 24) Mr. Mackie testified

■ Appellants argue that their failure to file proof of claim constituted "excusable neglect" as they did not receive a copy of the Bar Date Order.[2] Under Bankruptcy Rules, the Court has the authority to set the time for filing proofs of claim and to extend such time. Bankr.R. 3003(c)(3) and 9006(b)(1). These two rules are read in conjunction to determine whether "cause," as defined as "excusable neglect,"[3] is present to allow the late filing of a proof of claim. *In re South Atlantic Financial Corporation,* 767 F.2d 814, 817 (11th Cir. 1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); *In re Oakton Beach & Tennis Club, Etc.,* 9 B.R. 201, 203 (Bankr.E.D.Wis.1981).

Statutory law has not further defined the elements necessary for an enlargement of time for filing proofs of claim. *In re Figueroa,* 33 B.R. at 301 ("[excusable neglect] is a flexible concept and has become a term of art, subject to interpretation by the trier of facts ..."). Therefore, the Court relies on common law interpretation of the elements of "excusable neglect." Courts require "unique" and/or "extraordinary circumstances" to excuse a creditor's failure to file by the bar date. *In re OPM Leasing Services, Inc.,* 48 B.R. 824, 830 (S.D.N.Y.1985).

Three factors have been considered by the courts in determining whether or not "unique" or "extraordinary circumstances" exist to form the basis of a finding of "excusable neglect" warranting relief:

1. the adequacy of the notice provided;

2. the source of the delay;

that he did not receive the Bar Date Order; however, he could not recall what he had received. (Tr. p. 17) In their Motion, M & K simply stated that they were unable to recall or determine whether they received the Bar Date Order. (Motion p. 2)
Appellee Brief at 7.

3. Excusable neglect is the "failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Figueroa,* 33 B.R. 298, 301 (Bankr.S.D.N.Y.1983); *In re William B. Wilson Manufacturing Co.,* 59 B.R. 535 (Bankr.W.D.Tex.1986).

3. the prejudice, if any, that will inure to the debtor should the filing be allowed.

*OPM Leasing,* 48 B.R. at 830–31 (citing *In re Horvath,* 20 B.R. 962, 966–67 (Bankr.S. D.N.Y.1982)).

In their brief, Appellants discuss only the first factor while the Bankruptcy Court considered all three. The Court began by stating that "[n]o proof of "excusable neglect" was presented in support of the Motion for Leave to File Proofs of Claim Out of Time." Tr. at 212. In Findings 5–7, the Court discussed the notice of the Bar date Order and other bankruptcy proceedings sent out.

When considering the source of delay, the Court determined that Appellants "were under the impression, as laymen, that it was unnecessary to file any claims in this action by the fact that they had initiated civil actions in Oklahoma." Tr. at 212.

Considering the third element, the Court held that:

> Debtor's creditors would be prejudiced by the allowance of Mackie's and King's claims because their claims, if allowed, would aggregate in excess of $210,-000.00, and would significantly reduce the amount to be paid to creditors with timely and properly filed claims. Additionally, the Trustee is preparing to distribute funds to creditors, and must have the certainty that creditors, like Mackie and King, will not prevail in filing claims out of time after all funds of the estate are distributed.

Tr. at 212.

The standard for adequate notice of a bar date is that "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Notice in a bankruptcy proceeding is adequate if it is reasonably calculated to achieve "actual notice." [4] *See In the Matter of*

*Park Nursing Center, Inc.,* 766 F.2d 261, 263 (6th Cir.1985). It is undisputed that the Trustee's notice by First Class U.S. Mail, sent directly to Appellants, was "reasonably calculated" to inform Appellants of the bar date for filing proofs of claim.

After careful consideration of the Bankruptcy Court's determination and the appeals briefs, the Court finds that the Bankruptcy Court thoroughly reviewed Appellants' Motion and committed no reversible error in denying it. Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

SO ORDERED.

---

4. In fact, notice by publication has been held to be notice "reasonably calculated" to advise a party of the entry of a bar order. *OPM Leasing,* 48 B.R. at 831.