## STANDLEY et al. v. GRAHAM PRODUCTION CO., Inc. *

No. 7855.

Circuit Court of Appeals, Fifth Circuit.

May 7, 1936.

*Rehearing denied June 12, 1936.

W. H. Sanford, Conan Cantwell, and Pinckney G. McElwee, all of Longview, Tex., for appellants.

Isaac Abramson, of Shreveport, La., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit against appellee to establish her title to an undivided one-fourth of seven-eighths of all the first oil and gas produced, saved and marketed under the oil and gas lease covering 25 acres of land in Rusk county, Tex. There was a judgment rejecting her claim, from which this appeal is taken.

The following material facts appear from the record. The claim of Mrs. Standley is based on an assignment executed on August 18, 1931, in terms as follows, omitting nonessential parts:

"Now, therefore, for and in consideration of the sum of $4500.00 cash in hand

this day paid by Mrs. R. E. Standley, receipt of which is hereby acknowledged, and other valuable considerations, the undersigned, State Production Company, the present owner of the said lease and all rights thereunder or incident thereto, does hereby grant, bargain, sell, transfer, assign and convey unto the said Mrs. R. E. Standley and unto her heirs and assigns forever, an undivided one-fourth of seven-eighths of all the first oil and/or gas produced, saved, and marketed from the above described leasehold estate, if, as and only when same is produced, saved and marketed therefrom, until the said Mrs. Standley * * * heirs and assigns, shall have received the sum of twenty thousand ($20,-000.00) dollars. * * *

"In witness whereof, the undersigned have signed this instrument, this the 18th day of August, 1931.

"State Production Company

"By Dupree Fountain.

"Attest: Edson B. Sawyer, Secretary."

After this assignment was made, the State Production Co., Inc., was organized and chartered under the law of Texas, September 22, 1931. Dupree Fountain became the president of this corporation and transferred the land standing in the name of the State Production Company to it. Subsequently the Texas Corporation was adjudicated bankrupt in the Western District of Louisiana on its voluntary petition and E. O. Gale was appointed trustee. At the time of bankruptcy the property was encumbered with laborers' and material men's liens, exceeding $8,000, and owed debts, both secured and unsecured. It was hopelessly insolvent. The trustee applied to the referee for authority to sell the property free of liens. This was granted and the lease was sold to appellee, Graham Production Co., Inc. The sale was confirmed and the trustee executed a deed to appellee for the sum of $1,500. Appellee continued the development of the property and oil to the value of about $5,000 had been produced at the time this suit was filed, for which appellee had incurred an expense of about the same amount.

Mrs. Standley's claim was noted on the schedules filed, and letters were mailed to her containing notices of meetings of creditors and of the application of the trustee for authority to sell and of a rule to show cause, issued to all the lienholders of record. She did not file a claim in the bankruptcy proceedings. There was evidence tending to show that she employed an attorney and she was represented by an agent, one Hampton, who had notice of the sale and other proceedings in the bankruptcy court, but she did not make herself a party to the proceedings. Dupree Fountain testified without contradiction that he was president of the State Production Company of Louisiana, owner of the stock and had actual control and management of the company and had authority to make any conveyances on behalf of the corporation; that he acquired the lease of the property from Oliphant and Mundy for himself individually, but the assignment was made to the State Production Company, which was himself. He contemplated at that time the organization of the State Production Co., Inc. It is certain that the State Production Co. (not Inc.) to which the assignment of the lease from Oliphant and Mundy was made and which in turn assigned the interest in the lease to Mrs. Standley was never incorporated. Later on a Louisiana corporation was organized under the name of State Production Co., Inc., but Mrs. Standley had no dealings with that corporation, and it would appear that Dupree Fountain was only a minority stockholder.

The District Court found that Mrs. Standley had full knowledge of the bankruptcy proceedings and the sale of the lease therein and reached the conclusion that the assignment to Mrs. Standley amounted to no more than a mortgage.

We agree with the conclusion of the District Court that the conveyance amounted only to a mortgage. The agreement was that Mrs. Standley, in consideration of $4,500 paid, was to receive $20,000 out of an undivided one-fourth of seven-eighths of all the first oil and gas produced, saved and marketed from the leasehold estate "if, as and only when same is produced, saved and marketed therefrom." The assignment of this oil did not create an estate in the land, but only a lien on the oil after it had been separated from the soil. Dashko v. Friedman (Tex.Civ. App.) 59 S.W.(2d) 203, and authorities cited therein. As appellant had only a lien, her claim was subordinate to the claims of creditors having prior rights. The District Court in Louisiana had jurisdiction and authority to sell real property situated without its territorial jurisdiction. Robertson v. Howard, 229 U.S.

254, 33 S.Ct. 854, 57 L.Ed. 1174. Section 58 of the Bankruptcy Act (11 U.S.C.A. § 94) provides for notice to creditors by mail of all proposed sales of property. There is a legal presumption that letters duly mailed are received by the addressee. Mrs. Standley did not testify at all in the case and there was nothing to rebut this presumption. In any event, the sale by the bankruptcy court could not be collaterally attacked.

The record presents no reversible error.

Affirmed.