**In re Theora DODD, Debtor.**

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant,**

**v.**

**Theora DODD, Appellee.**

**No. 86 C 8767.**

United States District Court, N.D. Illinois, E.D.

Sept. 10, 1987.

docket pursuant to Rule 8007." Rule 8009(a)(1), Bankruptcy Rules.

Paul H. Scheuerlein, Cantwell & Balonick, Chicago, Ill., for appellant.

E. Paul Rustin, Chicago, Ill., for appellee.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Creditor, Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch), brings this appeal of a bankruptcy court decision granting the motion of the debtor, Theora A. Dodd (Dodd), to vacate an ex parte order which had allowed Merrill Lynch to file a late claim. Merrill Lynch asked the court to accept the late filing because it allegedly never received notice of Dodd's bankruptcy petition. The bankruptcy court, per Toles, J., found Merrill Lynch received notice of Dodd's bankruptcy and imposed sanctions on Merrill Lynch for violating the automatic stay. The instant appeal followed.

### I. *Factual Background*

Merrill Lynch's claim against Dodd, who had an account with Merrill Lynch, arose out of two loans it made to Dodd. First, Merrill Lynch advanced funds to Dodd on September 2, 1983 when a check payable to Dodd was allegedly lost after she had deposited the check in her account. In consideration for the advance, Dodd executed a promissory note in favor of Merrill Lynch. Second, Merrill Lynch allowed Dodd various overdrafts. Dodd acknowledges that she later issued a check to Merrill Lynch to cover the overdrafts but the check was returned unpaid because of insufficient funds.

In January 1985, Merrill Lynch's attorney contacted Dodd in an attempt to arrange payment of the loans. Subsequently, Dodd informed Merrill Lynch that she had turned the matter over to her attorney, Paul E. Rustin (Rustin).

On February 28, 1985, Dodd filed a chapter 13 bankruptcy petition. On April 3, 1985, the bankruptcy court confirmed her chapter 13 plan. The bar date for the filing of claims under Dodd's plan was set for July 2, 1985.

Merrill Lynch was scheduled as a creditor and listed along with other creditors on the matrix contained in Dodd's bankruptcy court file. The matrix correctly listed Merrill Lynch's address. The court file also contains a Certificate of Mailing signed by a deputy clerk of the court who attests that he mailed the requisite notice to Merrill Lynch on March 4, 1985. The file does not contain an envelope addressed to Merrill Lynch which had been returned by the postal service and marked as undelivered.

Merrill Lynch filed suit against Dodd on June 24, 1985 in Cook County Circuit Court seeking to recover on the unpaid loans. Dodd was properly served with a copy of the summons and complaint on July 6, 1985. Neither Rustin nor Dodd informed Merrill Lynch of the pending bankruptcy at that time, and Dodd did not file an appearance and/or answer. Thus, the state court entered a default judgment against Dodd on August 12, 1985. Dodd was informed of the entry of default but did not pay the judgment. Hence, on September 4, 1985, Merrill Lynch instituted garnishment proceedings against Dodd. On September 25, 1985, before Dodd answered the garnishment action, Rustin advised Merrill Lynch of Dodd's bankruptcy.

Merrill Lynch denied receiving any notice of Dodd's bankruptcy prior to September 25. As a result, on November 11, 1985, Merrill Lynch moved for leave to file a late claim which the bankruptcy court granted

ex parte.[1] Dodd then moved to vacate the order and for a rule to show cause against Merrill Lynch for violating the automatic stay.

The bankruptcy court held a hearing on this matter on May 7, 1986. Dodd presented no witnesses, but Rustin appeared for Dodd and represented that his office mailed a Notice of Automatic Stay to Merrill Lynch at the address listed on Dodd's bankruptcy petition. Rustin further stated that he received a telephone call from a woman who stated she was calling for James McDonough in the Cashiering Department of Merrill Lynch and wanted to know how soon payments could be expected from the bankruptcy court.

Joan T. Niccolai (Niccolai) testified on behalf Merrill Lynch. Niccolai is the manager of the Customer Accounting department for Merrill Lynch in Chicago. Niccolai testified that upon receiving a notice from the bankruptcy court it is her department's practice to contact Merrill Lynch's local office for advice and additional information on the relevant account. A copy of the notice is then forwarded to the company's legal department in New York which decides what further action will be taken. A record of the bankruptcy notice would be kept in the department's files.

According to Niccolai, a thorough search was conducted of Merrill Lynch's records and files regarding the Dodd case. The search uncovered no evidence which would indicate that any notice had ever been received. Nor were there any memoranda of any telephone calls either incoming or outgoing prior to September 25, 1985. Moreover, according to the affidavit of James E. McDonough (McDonough), Merrill Lynch's manager of Customer Accounting at the time any pre-September 25 notice would have been received and the addressee of the alleged notice, he never received the letter.

Niccolai also testified that the Customer Accounting department employs a total of 75 persons. A smaller staff of approximately 15 persons was responsible for opening the mail. Bankruptcy notices would initially be channelled through this staff.

In a Memorandum Opinion and Order of September 2, 1986 (Mem.Op.), the bankruptcy court held Merrill Lynch had received notice of Dodd's bankruptcy. The court also held Merrill Lynch willfully violated the automatic stay and ordered it to pay the attorney's fees Dodd incurred pursuing this motion. Judge Toles found that the testimony of Niccolai and McDonough's affidavit were mere assertions of non-receipt and thus insufficient to rebut the presumptions created by the listing of Merrill Lynch in Dodd's schedule of debts and the clerk's certificate of mailing. *See* Mem.Op. at 10. Moreover, the court noted the size of Merrill Lynch's mail intake staff increased the possibility for error. Finally, the court relied upon Rustin's representation that he had received a call from someone in Merrill Lynch's cashiering department regarding the Dodd proceedings.

Merrill Lynch then brought this appeal. It filed its brief in support in a timely fashion on December 15, 1986. Dodd, however, failed to file a response. By Minute Order of January 14, 1987, this court sua sponte granted Dodd an extension and ordered her to file her responsive brief by January 28. Despite this order, Dodd has failed to file any response. As a result, the court is forced to rule without the benefit of a responsive brief.

II. *Discussion*

When a district court entertains a bankruptcy court decision, the court must adopt the bankruptcy court's findings of fact unless clearly erroneous. The bankruptcy court's conclusions of law, however, are subject to *de novo* review. *See In re Ebbler Furniture and Appliances, Inc.,* 804 F.2d 87, 89 (7th Cir.1986). In the case at bar, as the court must decide, as a matter of law, whether Niccolai's testimony and McDonough's affidavit are suffi-

---

1. The bankruptcy court granted Merrill Lynch's motion ex parte because Rustin was late in arriving for the call.

cient to rebut the presumption of receipt and whether Rustin's representations were properly considered as evidence, this court must conduct *de novo* review of the bankruptcy court's decision.

■ The bankruptcy rules provide the initial framework for the legal analysis of the present dispute. Bankruptcy Rule (Rule) 3002(c) requires a creditor to file a proof of claim in a chapter 13 bankruptcy "within 90 days after the first date set for the meeting of creditors." There are six specific exceptions to the 90 day time limit, but Merrill Lynch does not fall within any of those exceptions. *See* Rule 3002(c)(1)–(6). In addition, the bankruptcy court is empowered by Rule 9006(b)(1) to enlarge the time available for certain filings where the creditor failed to comply within the express time limitation because of "excusable neglect." However, this power is expressly limited so as not to expand the exceptions in Rule 3002(c). Rule 9006(b)(3). Thus, the bankruptcy court correctly found that, according to the rules, the time for filing a chapter 13 proof of claim cannot be enlarged.

Nonetheless, implicit in the strict time requirements of the bankruptcy rules is the assumption that a creditor has received notice of the bankruptcy petition. The basic principles of due process—notice and the opportunity to be heard—require no less. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *New York v. New York, New Haven and Hartford Railroad, Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). Indeed, courts which have faced a situation similar to the instant dispute have found that the debtor must demonstrate that notice has been provided before the Rules' time limits may be enforced. *See e.g. In re Yoder*, 758 F.2d 1114, 1118 (6th Cir.1985); *In re Wm. B. Wilson Mfg. Co.*, 59 B.R. 535, 538–39 (Bankr.W.D.Tex.1986). The court believes these holdings correctly and persuasively state the law. Hence, the notice allegedly

provided to Merrill Lynch must be examined.[2]

■ The notice at issue herein was allegedly sent to Merrill Lynch by mail. The law presumes that a properly mailed item was received by the addressee. *See e.g., Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *In re Nimz Transportation, Inc.*, 505 F.2d 177, 179 (7th Cir.1974). The presumption arises upon proof that the addressor properly addressed the item, placed sufficient postage on it, and then deposited it in the mail. In the instant case, Dodd properly listed Merrill Lynch on its schedule of creditors and the court's clerk swore out a certificate of mailing. This is sufficient evidence to create the presumption that Merrill Lynch received the notice of Dodd's bankruptcy.

■ The presumption of receipt, however, is a rebuttable and not a conclusive presumption. *Id.* Here, the bankruptcy court held Merrill Lynch did not rebut the presumption because Niccolai's testimony and McDonough's affidavit are "mere assertions" and thus insufficient to rebut the presumption of receipt. *See* Mem.Op. at 10. The weight accorded presumptions and the rebuttal thereof are governed by Rule 301 of the Federal Rules of Evidence (FRE). FRE 301 provides in part:

> [A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

In passing FRE 301 Congress expressly rejected a proposed rule which would have required the party opposing the presumption to *prove* the non-existence of the presumed fact is more probable than its existence. *See* Conference Committee Report, 1974 U.S. Code Cong. & Admin. News 7051. Instead, under the rule, a party may rebut a presumption by introducing evi-

**2.** The court thereby rejects the bankruptcy court's suggestion that Rule 9006(e) may obviate the need to inquire into whether the creditor actually received notice. *See* Mem.Op. at 10 n. 3.

dence which would support a finding of the non-existence of the presumed fact. 10 *Moore's Federal Practice,* ¶ 301.04[2] (2d ed.1987).

■ In order to support such a finding, a party must do more than show he searched the relevant files but found no notice. *Nimz,* 505 F.2d at 177. However, direct testimony of nonreceipt, particularly in combination with evidence that standardized procedures are used in processing claims, would be sufficient to support a finding that the mailing was not received, and thereby rebut the presumption accorded a proper mailing. *Yoder,* 758 F.2d at 1118; *Wilson Mfg.,* 59 B.R. at 539; *Nimz,* 505 F.2d at 177, *citing In re Super Electric Products Corp.,* 200 F.2d 790 (3d Cir. 1953) (presumption rebutted by testimony of non-receipt); *see also Legille v. Dann,* 544 F.2d 1, 9 (D.C.Cir.1976).

■ According to Niccolai's testimony and McDonough's affidavit, Merrill Lynch did not receive the bankruptcy notice. Moreover, Niccolai specifically testified about Merrill Lynch's regular procedures for handling a notice of bankruptcy. These facts are sufficient to support a finding that Merrill Lynch did not receive notice. Therefore, the bankruptcy court erred in not deeming the presumption to have been rebutted.

■ The other evidence of receipt considered by the bankruptcy court is Rustin's claim he received a phone call from an unnamed woman who stated she was from Merrill Lynch's Cashiering Department and asked when she could expect payments from the bankruptcy court. However, Rustin did not lay a foundation to authenticate the phone call. *See* FRE 901(b). The mere assertion by the caller, without more, is not sufficient to establish the authenticity of the conversation. *See* Notes of the Advisory Committee on Proposed Rules, Rule 901(b)(6). Moreover, the statement, an out of court statement admitted for its truth, does not satisfy any of the exceptions to the hearsay rule. *See* FRE 803.

Thus, as a matter of law, the court below should not have relied upon the telephone call to establish Merrill Lynch received the appropriate notice.

■ As a result, the following evidence remains: the clerk's certificate of mailing and the lack of a returned envelope in the court file on the one hand,[3] and Niccolai's testimony regarding Merrill Lynch's procedures and McDonough's affidavit on the other. Given these facts, and this circuit's preference for direct testimony in these matters, *see Nimz, supra,* it is clear that Dodd cannot satisfy her burden of establishing notice. Indeed, Dodd has not even seen fit to assume her burdens and pursue her motions by filing any briefs before this court. Accordingly, the court finds Merrill Lynch did not receive notice of the bankruptcy and is entitled to file its late claim.

### III. *Conclusion*

The bankruptcy court's decision is reversed. Dodd's motions to vacate the order granting Merrill Lynch leave to file a late claim, and for a rule to show cause are denied.

---

**3.** There is also Rustin's claim that his office sent a copy of the automatic stay to Merrill Lynch. However, as that is unofficial notice, and not based upon Rustin's personal knowledge, but only his affirmation and belief, it must carry little probative weight.