**In the Matter of Michael D. EUSTON and Linda E. Euston, Debtors.**

**Bankruptcy No. 90–102–8B3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 16, 1990.

Harvey Paul Muslin, Tampa, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., Chapter 13 Trustee.

Dennis J. LeVine, Tampa, Fla., for creditor Ralph H. Martin.

ORDER ON OBJECTION TO CLAIM
AND MOTION FOR EXTENSION
OF TIME TO FILE PROOF OF CLAIM

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THE MATTER under advisement is Debtors, Michael and Linda Eustons' Objection to Claim of Creditor, Ralph H. Martin (Martin) and Martin's Motion for Extension of Time to File Proof of Claim. The Court reviewed the Objection, the Motion, and the record, heard argument and testimony of counsel and finds the relevant facts as follows:

1. On January 5, 1990, Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

2. In their Chapter 13 Statement, Debtors listed Martin as an unsecured creditor without priority. Debtors also provided for payment to Martin in their proposed Chapter 13 Plan.

3. On January 12, 1990, the Deputy Clerk of the Court (Deputy Clerk) mailed an Order and Notice of Chapter 13 Bankruptcy Filing, Meeting of Creditors, and Fixing of Dates to all creditors stating the last day to file a proof of claim is May 14, 1990. Martin was included on the Court's mailing matrix.

4. Martin stated he received a Notice of [Confirmation] Hearing scheduled for May 24, 1990. The Deputy Clerk mailed the Notice of Hearing and the Order of January 12, 1990 setting the bar date to Martin at the same address.

5. On June 11, 1990, Martin filed a proof of claim in the amount of $13,314.62 which was amended on August 15, 1990 to include documents to the proof of claim.

6. On June 28, 1990, Debtors filed an Objection to Martin's proof of claim.

7. On July 9, 1990, the Court confirmed the Chapter 13 Plan.

8. On September 17, 1990, Martin filed a Motion for Extension of Time to File Proof of Claim.

## ARGUMENT

Debtors argue Martin's claim should not be allowed because Martin filed the proof of claim after the bar date.[1] Martin alleges he did not receive notice of the bar date until after it had passed. Therefore, his non-receipt of notice constitutes excusable neglect and pursuant to Bankruptcy Rule 9006(b)(1) the Court should allow his claim. Debtors, however, argue a creditor may not file a late proof of claim in a Chapter 13 case based on excusable neglect pursuant to Bankruptcy Rule 3002(c). *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dodd (In re Dodd),* 82 B.R. 924 (Bankr.N. D.Ill.1987); *In re Bowers,* 104 B.R. 362 (Bankr.Colo.1989); *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990).

## DISCUSSION

■ The first issue is whether this Court may enlarge the time for filing a proof of claim based on excusable neglect. Bankruptcy Rule 3002(c) states "[i]n a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code." Bankruptcy Rule 3002(c) lists six exceptions to this statute of limitations, none of which are applicable to the case at bar. *See,* Bankruptcy Rule 3002(c)(1)–(6). The Court, pursuant to Bankruptcy Rule 9006(b), may enlarge the time for filing a proof of claim on motion made after the expiration of the specified period where the failure to act was the result of excusable neglect. This provision, however, is subject to two limitations. The relevant limitation, Bankruptcy Rule 9006(b)(3) provides "[t]he court may enlarge the time for taking action under Rules 1006(b)(2), *3002(c),* 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*" (emphasis added). None of the provisions of Bankruptcy Rule 3002(c)(1)–(6) provide for enlargement of time based on excusable neglect. Therefore, Martin can not file his proof of claim based on excusa-

ble neglect. *See, Bowers, supra* at 363; *Glow, supra* at 214.

■ The analysis does not end here. Other courts have found despite the strict time requirements provided in the Bankruptcy Rules, the debtor must demonstrate that notice has been provided to the creditor before the Bankruptcy Rules' time limits may be enforced. *Dodd, supra* at 928 *citing e.g., Bratton v. Yoder Co. (In re Yoder Co.),* 758 F.2d 1114, 1118 (6th Cir. 1985); *In re Wm. B. Wilson Mfg. Co.,* 59 B.R. 535, 538–39 (Bankr.W.D.Tex.1986). Debtor alleges Martin received notice of the bar date when the Deputy Clerk mailed him the Order of January 12, 1990.

> The court in *Yoder Co.* held
> [t]he common law has long recognized a presumption that an item properly mailed was received by the addressee. *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932). The presumption arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail. *Simpson v. Jefferson Standard Life Insurance Co.,* 465 F.2d 1320, 1323 (6th Cir.1972).

*Id.* at 1118. In the present case, Debtors properly listed Martin on the schedule of creditors and mailing matrix. The Deputy Clerk certified she mailed notice of the bar date for filing a proof of claim to all the parties listed on the mailing matrix. *See,* Order of January 12, 1990. This is sufficient evidence to create the presumption that Martin received notice of the bar date for filing a proof of claim. *Dodd, supra* at 928.

■ The presumption of receipt is rebuttable and not a conclusive presumption. *Id.* Again, the *Yoder Co.* court held, "[t]estimony of non-receipt, standing alone, would be sufficient to support a finding of non-receipt; such testimony is therefore sufficient to rebut the presumption of receipt." *Supra* at 1118. In that case, the court concluded the creditor did not receive notice of the bar date. Two different sets of mailing labels were used to send notices to the creditors. Debtor's mailing labels included the creditor. The bankruptcy

---

**1.** Debtors also object to the amount of the claim.

court's labels did not include the creditor. No one knew for sure which labels were used to send the notices. In addition, attorney's for two other claimants testified they did not receive notice either. Another court following the *Yoder Co.* reasoning found debtor did not satisfy her burden of establishing notice. The court made its findings based on an employee's affidavit regarding non-receipt of the notice, another employee's testimony regarding standardized procedures used in processing claims and the fact debtor never filed any briefs to support her position. *See, Dodd, supra* at 929.

In the case at bar, Martin's attorney argued Martin did not receive notice of the bar date. Martin did not testify at the hearing. Affidavits were not filed with the Court and no other witnesses supported Martin's argument. Martin did not allege a wrong address on the mailing matrix and the Order of January 12, 1990 was not returned to the Court for insufficient postage or inability to deliver. The only evidence the Court has is Martin's attorney's statement that Martin did not receive notice of the bar date, an unverified letter written by Martin and the Deputy Clerk's certified statement that she mailed notice of the bar date to all creditors on the mailing matrix. Unlike the *Yoder Co.* and *Dodd* courts, this Court finds Martin's allegation of non-receipt of notice is not sufficient to rebut the presumption of receipt of notice. Therefore, the Court finds Martin did receive proper notice of the bar date for filing a proof of claim, he did not act in a timely manner and his claim should not be allowed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Claim is sustained. Martin's claim is deemed disallowed. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion for Extension of Time to File Proof of Claim is denied.

DONE AND ORDERED.