2. All objections to confirmation of Debtor's Plan are hereby OVERRULED; and

3. Confirmation of First Union's Plan is hereby DENIED.

IT IS SO ORDERED.

**In re David E. HOBBS and Deborah J. Hobbs, Debtors.**

**Bankruptcy No. A90–16551–SWC.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 26, 1992.

Steven C. Adams, Powder Springs, Ga., for debtors.

## ORDER

STACEY .W. COTTON, Bankruptcy Judge.

Before the court is the motion of General Electric Credit Corporation ("GECC"), an unsecured creditor, to reopen this case and for an order extending the time to file a complaint to determine the dischargeability of a debt. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The court will deny the motion based upon the following findings and conclusions.

## FACTS

Movant asserts that it holds a default judgment against David Hobbs based upon his personal guaranty of a loan to GMC Fun Center, Inc. ("Fun Center"). Movant claims thereby to hold a general unsecured claim against David Hobbs's bankruptcy estate in the amount of $792,497.77.

Debtors filed their voluntary petition on November 21, 1990. GECC was duly scheduled as an unsecured creditor as follows:

General Electric Credit Corp.

P.O. Box 470848

Charlotte, N.C. 28247–4002

On November 28, 1990, the court clerk issued an "ORDER FOR MEETING OF CREDITORS, COMBINED WITH NOTICE THEREOF AND OF AUTOMATIC STAY" ("the notice"). The notice fixed February 19, 1991 as the last date for filing complaints objecting to the debtors' discharge pursuant to 11 U.S.C. § 727 or the dischargeability of a debt under 11 U.S.C. § 523(c). This order was served upon GECC at the scheduled address. The certificate of service attached to the notice reflects that GECC was served with a copy of the order at the scheduled address. GECC did not file a complaint objecting to discharge or dischargeability, or a motion for extension of time to file such a complaint, before February 19, 1991. An order discharging debtors' debts and closing the estate was entered on August 29, 1991.

GECC seeks an order reopening the case and extending the time to file a complaint to determine dischargeability pursuant to 11 U.S.C. § 523(c) on the ground that it did not receive notice of debtors' bankruptcy filing in time to file its dischargeability complaint. In support, GECC has attached to its motion the affidavits of Kelley R. Hennecy and Kathy Smith, the Legal Administrator and the Recovery Administrator, respectively, of GECC. These affidavits state that any bankruptcy notices received by GECC are forwarded to Smith. If the name of the debtor is not recognized by anyone in the Legal Department then the notice is sent to Hennecy. The affidavits further assert that any written notices of debtors' bankruptcy would have been forwarded to these employees and that the employees have no recollection of receiving such notices. GECC contends that these procedures form a reasonable basis for the court to conclude that GECC never received notice of debtors' bankruptcy. GECC, therefore, asserts that "cause" exists under 11 U.S.C. § 350(b) to reopen this case and permit GECC to file its dischargeability complaint.

## DISCUSSION

Any claim that has been scheduled by the debtor is discharged unless a complaint objecting to the dischargeability of such debt is filed. 11 U.S.C. § 523(c)(1). A complaint objecting to dischargeability in a Chapter 7 case must be filed within sixty days of the first date set for the § 341 meeting. Fed.R.Bankr.P. 4007(c). Any motion for extension of the time to file a dischargeability complaint must be filed before the bar date. *Id.* The court has no

discretion to grant a motion for extension of time to file a dischargeability complaint if the motion is filed after the bar date. Fed.R.Bankr.P. 9006(b)(3); *Byrd v. Alton, (In re Alton)*, 837 F.2d 457, 459–60 (11th Cir.1988); L. King et al. 8 Collier on Bankruptcy ¶ 4007.05[3] (15th ed. 1989). However, in order for a debt to be discharged the creditor must receive actual notice of the bankruptcy case in time to file a dischargeability complaint. 11 U.S.C. § 523(a)(3)(B); *Byrd v. Alton*, 837 F.2d at 460.

GECC asserts that it did not receive notice of debtors' bankruptcy case until early August 1991, over five months after the bar date. The court record indicates, and GECC does not dispute, that notice was mailed to GECC by the court clerk on November 28, 1990. Further, there is no evidence that the notice was returned to the court clerk.

■ There is a presumption that a letter that is properly addressed and placed in the mail will be delivered to the addressee in a timely manner. *Hagner et al. v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *In re Batla*, 12 B.R. 397, 398 (Bankr.N.D.Ga.1981). However, this presumption is rebuttable. The presumption may be rebutted by the production of evidence which "... would support a finding of the non-existence of the presumed fact...." *Merrill Lynch, Pierce Fenner, & Smith, Inc. v. Dodd, (In re Dodd)*, 82 B.R. 924, 928–29 (Bankr. N.D.Ill.1987) (citing 10 Moore's Federal Practice, ¶ 301.04[2] (2d ed. 1987)). The majority of courts that have considered the presumption of receipt have held that a mere denial of receipt is insufficient to rebut the presumption. *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459–60 (7th Cir.1988); *Osborn v. Ricketts, (In re Ricketts)*, 80 B.R. 495, 497 (9th Cir. BAP1987); *Moody v. Bucknum, (In re Bucknum)*, 951 F.2d 204, 22 B.C.D. 640, 641 (Bankr. 9th Cir.1991); *In re Euston*, 120 B.R. 228, 230–31 (Bankr.M.D.Fla.1990). "However, direct testimony of nonreceipt, particularly in combination with evidence that standardized procedures are used in

processing claims, ... (is) ... sufficient to support a finding that the mailing was not received, and thereby rebut the presumption accorded a proper mailing". *Dodd*, 82 B.R. at 929; *see also Legille v. Dann*, 544 F.2d 1, 5–11 (D.C.Cir.1976).

■ Although GECC has produced evidence in the form of affidavits that it did not receive the notice, the evidence is not sufficient to establish a standardized procedure for processing bankruptcy notices which would rebut the presumption. The affidavits state that bankruptcy notices are forwarded first to GECC's legal department, then to the recovery department until an employee recognizes the debtor's name and acts on the notice. If the name is not recognized the notice is then sent to GECC's Houston, Texas office. No explanation is provided as to what safeguards are in place or the process that notices go through in these transmittals. The affidavits do not show the number of employees in each department who receive these notices, who is responsible for forwarding such notices or what happens to a notice when forwarded to either department or to the Houston office. At best the affidavits provide unsupported conclusory statements that the affiants would have seen any bankruptcy notice received by GECC. The court finds and concludes that GECC's evidence is not sufficient to rebut the presumption of receipt raised by the certificate of service.

■ Even if the presumption is rebutted, the motion must be denied. Once a presumption has been rebutted the trier of fact makes findings based on the evidence introduced by the parties, including the evidence that gave rise to that presumption. *Legille*, 544 F.2d at 8–9; *Bratton v. Yoder Co., (In re Yoder Co.)*, 758 F.2d 1114, 1119–20 & n. 13 (6th Cir.1985). The burden of proving that a creditor has received notice of a debtor's bankruptcy case rests on the debtor. *Dodd*, 82 B.R. at 928; *In re Euston*, 120 B.R. at 231.

■ It is undisputed, and the court record reflects, that the court clerk prepared and mailed computer-generated notice to all creditors, including GECC. The

notice to GECC was mailed to GECC's correct address. The affidavits of the GECC employees are essentially unsupported general denials. The affiants make conclusory statements that notice would have been forwarded to them and their "reasoned belief" that GECC never received any written notice of the debtors' bankruptcy. In addition, GECC has not challenged nor shown that the clerk did not follow established procedures in generating and mailing the notices. There is no evidence that any other creditor failed to receive notice. In fact they and the debtors were served by the same mailing. The court finds GECC's evidence to be unpersuasive when compared with the undisputed record showing that the computer-generated notice was mailed timely to GECC's correct address. Therefore, the court concludes that, even if the presumption of receipt of the notice was rebutted, GECC received notice of debtors' bankruptcy case. Accordingly, it is

ORDERED that GECC's motion to reopen this case and extend the time to file a dischargeability complaint is denied.

IT IS SO ORDERED.