In re Priscilla Lynn WINDERS, Debtor.

The SHAWNEE STATE
BANK, Appellant,

v.

FIRST NATIONAL BANK OF
OLATHE, Appellee.

No. 95–2493–KHV.

United States District Court,
D. Kansas.

Aug. 30, 1996.

R. Pete Smith, McDowell, Rice, Smith & Gaar, Kansas City, MO, for debtor.

Thomas W. Harris, Shawnee, KS, for appellant.

Christopher B. Bacon, Lowe, Farmer, Bacon & Roe, Olathe, KS, for appellee.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

The Shawnee State Bank ("Shawnee State") appeals the bankruptcy court's order granting First National Bank of Olathe ("First National") leave to file its proof of claim out of time and share in distribution to general unsecured creditors of the bankruptcy estate. For reasons stated below, we affirm in part and reverse in part the decision of the bankruptcy court.

### A. FACTS

On April 23, 1992, debtor Priscilla Lynn Winders filed a no asset bankruptcy petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et al.*, Case No. 91–22100–7. On that same date, an original notice was sent to creditors informing them that no assets of the estate were known. The notice directed that creditors should not file a proof of claim until notified otherwise. First National and its attorney, Christopher B. Bacon, received a copy of the original notice.

After the original notice was sent, the Trustee discovered that the debtor and her husband, who had filed a separate Chapter 7 bankruptcy petition, owned certain real estate which was generating rental income. The Trustee agreed to divide the rental income equally between the bankruptcy estates. On May 19, 1993, the Bankruptcy Clerk mailed a notice of the Trustee's motion for approval of the rental income agreement. Attached to the notice was a copy of the Trustee's motion for approval of the compromise dividing real estate proceeds owned jointly by the debtor. Mr. Bacon received a copy of the notice on behalf of First National.

The Trustee recovered assets under the rental income agreement. On July 29, 1993, the Trustee filed a notice of need to file proof of claim, setting October 27, 1993, as the deadline for such filings. The Bankruptcy Clerk certificate indicates that a copy of the notice was mailed to the correct addresses of Mr. Bacon and First National. Neither notice was returned to the Clerk; however, First National contends neither it nor Mr. Bacon received a copy of the July 29, 1993, notice. Frederick Farmer, attorney for an-

other creditor in the case, received the July 29, 1993 notice. Mr. Farmer works in the same office as Mr. Bacon, but he did not show or discuss the notice with Mr. Bacon or First National.

On October 1, 1993, the Trustee filed a motion to appoint a manager for property belonging to the estate. On October 6, 1993, some 21 days before the claims deadline, notice of the Trustee's motion was sent to Mr. Bacon and First National. Mr. Bacon received the October 6, 1993, notice.

On March 21, 1994, notice of the Trustee's petition for compensation was mailed to Mr. Bacon and First National. Mr. Bacon received the March 21, 1994, notice.

On April 14, 1994, notice of a creditor's request for payment of administrative claim was sent to Mr. Bacon and First National. Mr. Bacon received the April 14, 1994, notice.

In May, 1995, First National received notice of the Trustee's filing of final account and intended distribution of estate funds of $21,216.97.

### B. PROCEDURAL BACKGROUND

On May 10, 1995, First National filed a motion for leave to file proof of claim out of time and to share pro rata in the distribution of general unsecured creditors under § 726(a)(2)(C). On August 10, 1995, Shawnee State filed an objection to the motion, arguing that the bankruptcy court did not have authority to extend the time for First National to file a proof of claim.

On September 20, 1994, after briefing and argument by the parties, the bankruptcy court sustained First National's motion. The Court found that despite a presumption that First National received notice of the claims deadline, the fact that Mr. Farmer received notice combined with the affidavits of First National and Mr. Bacon stating that they did not receive notice were sufficient to rebut the presumption.

### C. DISCUSSION

We review *de novo* the bankruptcy court's legal conclusions; however, we are bound by the bankruptcy court's factual findings unless they are clearly erroneous. *In re Themy*, 6 F.3d 688, 689 (10th Cir.1993).

▮▮▮ Shawnee State argues that the bankruptcy court lacks power to allow First National to share in distribution to unsecured creditors unless it demonstrates deprivation of due process. The due process clause and general principles of equity insure that a claim will not be disallowed for tardiness if the creditor did not receive adequate notice. *See In re Gullatt*, 169 B.R. 385, 389 (M.D.Tenn.1994) (citing *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089, 1090–92 (6th Cir.1990)). Normally, the due process requirement is satisfied when a creditor has notice or actual knowledge of a Chapter 7 case in time to file a timely claim. *See In re Green*, 876 F.2d 854, 857 (10th Cir.1989). Under Bankruptcy Rule 3002(c), proofs of claim must be filed within 90 days after the first date set for the meeting of creditors, unless one of six exceptions are met. One such exception is Rule 3002(c)(5), which provides that if creditors are provided notice that no assets are available for distribution under Rule 2002, and subsequently, the trustee notifies the court that assets are available for distribution, the clerk shall notify creditors that they may file proofs of claim within 90 days after mailing of the notice.

In the case at hand, First National received notice under Rule 2002 that no assets were available for distribution and that it should not file a proof of claim unless notified otherwise. Under these circumstances, First National had a right to assume that it would receive notice before its claim would be forever barred. *See, e.g., City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953); *Reliable Elec. Co. v. Olson Construction Co.*, 726 F.2d 620, 622 (10th Cir.1984); *Matter of Robintech, Inc.*, 863 F.2d 393, 396 (5th Cir.) ("A creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice."), *cert. denied*, 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989)); *In re Hobdy*, 130 B.R. 318, 320 (9th Cir. BAP 1991) (creditor who is aware bankruptcy has been filed is not necessarily put

on inquiry notice about every matter brought before court).[1]

 Shawnee State contends that First National has not produced evidence sufficient to overcome the presumption that it received notice of the claims deadline. First National presented evidence of its practice and procedure, and those of its attorney, concerning receipt of bankruptcy notices and affidavits stating that neither office received notice of the claims bar date. The bankruptcy court's conclusion that First National sufficiently overcame the presumption that it received notice is not clearly erroneous. *See In re Dodd*, 82 B.R. 924, 929 (N.D.Ill.1987) (direct testimony of nonreceipt in combination with standardized procedures used in processing claims sufficient to support finding that mailing was not received).

 Finally, Shawnee State contends that even if the Court allows First National to file its claim out of time, it should subordinate the claim to third tier distribution under 11 U.S.C. § 726(a)(3). First National does not respond to this argument on appeal; however, in its motion before the bankruptcy court, it moved to participate pro rata in distribution to unsecured creditors under § 726(a)(2)(C).[2] Section 726(a)(2)(C) provides for distribution of tardily filed claims if "the creditor that holds such claim did not have notice or actual knowledge of the *case* in time for timely filing of a proof of such claim...." 11 U.S.C. § 726(a)(2)(C) (emphasis added). First National does not satisfy this section because it clearly had notice of the bankruptcy case. Instead, First National's claim falls under § 726(a)(3), which provides for payment of any allowed unsecured claim which is tardily filed other than a claim which falls under § 726(a)(2)(C). Because First National's claim does not fall under § 726(a)(2)(C), it qualifies for third tier distribution under § 726(a)(3).

Based on the foregoing analysis, the Court AFFIRMS the bankruptcy court's decision to allow First National to file its claim out of time and REVERSES its order allowing First National to participate pro rata in second tier distribution under § 726(a)(2)(C).

---

1. Although these cases involve Chapter 11 proceedings, the Court believes their analyses applies to the case at hand. Since First National was directed not to file a proof of claim until notified otherwise, it was reasonable for First National to assume it would receive notice of the need to file a proof claim before its claim would be forever barred.

2. Although the bankruptcy court did not address the priority of First National's claim, it sustained First National's motion in its entirety.