[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10354
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-03722-CV-CAP-1,
BKCY No. 04-95802-BKC-MH

In Re:  HAROLD J. FARRIS,

Debtor.

_____

HAROLD J. FARRIS,

Plaintiff-Appellant,

versus

DONALD F. WALTON,
United States Trustee, Region 21,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 11, 2010)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* debtor Harold Farris appeals the district court's affirmance of the bankruptcy court's order denying his motion to reset a hearing. After a review of the record and the parties' briefs, we affirm.

Farris filed a voluntary bankruptcy petition under Chapter 13 in August 2004. At that time, he identified his place of residence as 1577 South Gordon Street, Atlanta, Georgia.

In 2007, after the petition was converted to a Chapter 7 petition, trustee Donald Walton moved to dismiss the petition on the ground that Farris had refused to be sworn and deposed and had repeatedly rescheduled meetings, which violated Farris's obligation to appear and testify at a meeting of the creditors. The court scheduled a hearing on the motion to dismiss for October 7, 2008. Notice of the hearing was sent to Farris at the South Gordon Street address. Farris, however, failed to appear at the October 7 hearing.

On October 8, Farris moved to reset the hearing, alleging that he had not received notice of the hearing until the afternoon of October 7 because the notice was not delivered properly. Attached to the motion was a copy of an envelope marked "undeliverable" and addressed to First Family Financial at a Peachtree

2

Road address.

The bankruptcy court dismissed Farris's bankruptcy petition.[1]  Farris moved

for reconsideration and renewed his motion to reset the hearing date.  The

bankruptcy court denied the motion, explaining that there was a rebuttable

presumption that an item properly mailed was received, and that Farris had not

alleged any facts to rebut the presumption.

On appeal before the district court, Farris asserted that he did not receive

notice.  He explained that he had provided the bankruptcy court with his home

address as well as a post office box in his name.  He argued that, by sending notice

to both addresses, the risk of mishandled mail would be reduced.[2]  The district

court affirmed the bankruptcy court's order, finding that there was no clear error in

the bankruptcy court's conclusion that Farris had not rebutted the presumption that

the notice had been received.  This appeal followed.

In a bankruptcy appeal, we sit as the second court of review of the

bankruptcy court's judgment.  Therefore, we independently examine the

bankruptcy court's factual and legal determinations and apply the same standards

---

[1] "The Court may dismiss a case under this chapter only after notice and a hearing and only for cause."  11 U.S.C. § 707(a).  An example of cause is unreasonable delay by the debtor that is prejudicial to creditors.  *Id.*; *In re Simmons*, 200 F.3d 738, 743 n.8 (11th Cir. 2000).

[2] Attached to the brief was an envelope addressed to Farris at the post office address and marked as undeliverable.  Farris did not allege that this envelope contained the notice of the hearing but offered it as an example of mismailing.

of review as the district court. *In re Issac Leaseco, Inc.*, 389 F.3d 1205, 1209 (11th Cir. 2004). We review the factual findings made by the bankruptcy court for clear error. *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993). A factual finding is not clearly erroneous unless "this court, after reviewing all of the evidence, [is] left with the definite and firm conviction that a mistake has been committed." *Lykes Bros., Inc. v. U. S. Army Corps of Eng'rs*, 64 F.3d 630, 634 (11th Cir. 1995) (internal quotation marks omitted). We review *de novo* "determinations of law, whether from the bankruptcy court or the district court." *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005).

Federal Rule of Bankruptcy Procedure 9014 instructs that motions shall be served as set forth in Bankruptcy Rule 7004, and any "paper served after the motion shall be served in the manner provided by Rule 5(b) F. R. Civ. P." Bankr. Rule 9014. Under Bankruptcy Rule 7004, service upon the debtor can be completed by mailing a copy to the debtor at the address shown in the bankruptcy petition. Bankr. R. 7004(b)(9). The Federal Rules of Civil Procedure also allow service by mail to the person's last known address. Fed. R. Civ. P. 5(b)(2)(C). Under this rule, service is complete upon mailing. *Id.*

"The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee. The 'presumption of receipt'

4

arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail. The presumption is, of course, rebuttable." *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996); *see also Standley v. Graham Prod. Co.*, 83 F.2d 489 (5th Cir. 1936)[3] (applying the presumption to determine that mailing notice of a sale of property to a creditor established the creditor's receipt of notice); *In re Prescott*, 285 B.R. 763, 767 (Bankr. S.D. Ga. 2001) ("Proof that a letter, properly directed and stamped, was mailed to the last known address of an addressee satisfies due process because it was 'reasonably calculated' to provide notice, . . . and creates a presumption that the letter was received by the addressee." (citations omitted)).

"The presumption of receipt may be rebutted . . . by producing evidence which would 'support a finding of the non-existence of the presumed fact.'" *In re Prescott*, 285 B.R. at 767. The mere denial of receipt, without more, is insufficient to rebut the presumption. *Id.*; *In re Hobbs*, 141 B.R. 466, 468 (Bankr. N.D. Ga. 1992). But direct testimony of nonreceipt, combined with other evidence, may be sufficient to rebut the presumption. *In re Hobbs*, 141 B.R. at 468.

Here, the court's notice of the hearing was accompanied by a certificate of service showing that the notice was mailed to Farris at his home address as

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

provided in the bankruptcy petition. This mailing complied with the Bankruptcy Rules and the Federal Rules of Civil Procedure for completing service. Thus, it is presumed that the notice was received.

Farris failed to rebut this presumption with evidence of non-receipt. Although Farris claimed that he did not receive the notice until the day of the hearing, the evidence he submitted does not support his claim.

Because the bankruptcy court was faced with only Farris's denial that he received notice, the bankruptcy court did not clearly err when it dismissed his petition. Accordingly, we **AFFIRM**.[4]

---

[4] Farris's allegations of perjury and fraud in connection with his previous bankruptcy petition are not properly before this court. With respect to Farris's allegations of judicial bias, Farris has offered nothing to support his claim.